UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SEDRICK D. RUSSELL                                                    PLAINTIFF

V.                                          CIVIL ACTION NO. 3:24-CV-710-DPJ-ASH

STATE OF MISSISSIPPI, ET AL.                                        DEFENDANTS

ORDER

Pro se Plaintiff Sedrick D. Russell is incarcerated at the Mississippi State Penitentiary in Parchman, Mississippi.  He brings this civil action under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  Am. Compl. [3] at 3.  On May 1, 2026, United States Magistrate Judge Andrew S. Harris entered a Report and Recommendation [13].  Judge Harris recommends denying Russell's motion to notify [11] and dismissing the Amended Complaint with prejudice as frivolous and for failure to state a claim.  R&R [13] at 6.  Although Russell filed objections [14] to the R&R, the Court finds that it should be adopted.

I.      Facts and Procedural History

Russell filed his initial Complaint on November 7, 2024, against the State of Mississippi, Hinds County Circuit Court Clerk Zack Wallace, and Air Force General Richard R. Moss.  Compl. [1] at 1.  He filed his Amended Complaint on December 3, 2025, against Defendants Wallace and Moss.  Am. Compl. [3] at 2.  He alleges several claims, though his allegations center on an energy device, authorized by someone in the Air Force, that has caused him mental and physical harm.  *Id.* at 4–6.  Russell says he filed a state-law case about these same issues in the Circuit Court of Hinds County, Mississippi.  *Id.* at 5; *see* Attach. [3-1] at 14 (referencing *Russell v. State*, No. 25CI1:23-CV-609-WLK (Hinds Co. Cir. Ct.)).

In his Amended Complaint, Russell claims Wallace failed to enter a "default judg[]ment" in the state-court action and says he is trying to appeal that failure to this Court. Am. Compl. [3] at 5. He seeks $50,000 and asks for Defendants to be "prosecuted for failure to enter his/her default judg[]ment." *Id.* at 6. On October 3, 2025, Russell filed a motion to "Notify the Court of the Essential Individuals Act and Voice Caricature and Discovered Tatic [sic] by the Defendant for the Record." Mot. [11] at 1.

Judge Harris entered the R&R on May 1, 2026, concluding that Russell's motion to notify [11] "be denied as futile and his Amended Complaint [3] be dismissed with prejudice as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii)." R&R [13] at 6. Russell filed timely objections, and no Defendants filed a response.

II.    Standard

Title 28 U.S.C. § 636(b)(1) governs R&Rs. It requires the Court to "make a de novo determination of those portions of the [R&R] or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

Russell is proceeding pro se. Thus, the Court will liberally construe his Complaint and filings. *See Collins v. Dall. Leadership Found.*, 77 F. 4th 327, 330 (5th Cir. 2023).

III.    Analysis

In his objections, Russell charges Judge Harris with "act[ing] in fraud/misleading the court when [he] entered [the] Report and Recommendation." Obj. [14] at 3. In his seven-page letter, Russell repeatedly states that he "objects" to Judge Harris's recommendations, but he provides no sound basis for these objections. For example, Russell "objects" to Judge Harris's

statement that he should appeal the decision in his state-court case to the Mississippi Supreme Court if he is unsatisfied with the result. *Id.* at 5. Yet Russell does not explain why he objects to this. Rather, he repeats claims about being "harassed" by "voices" coming from the "device." *Id.*

The Court has conducted a de novo determination and finds that Russell's objections are unavailing. As Judge Harris noted "[a] court may dismiss a claim as factually frivolous if the allegations are 'fanciful, fantastic, [or] delusional.'" R&R [13] at 2 (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quotation marks and citations omitted)). The Court agrees that Judge Harris's reasoning and recommendations are well founded and should be adopted.

IV.    Conclusion

The Court has considered all arguments. Those not specifically addressed would not have changed the outcome. The Report and Recommendation [13] of United States Magistrate Judge Andrew S. Harris is adopted as the finding and holding of the Court. Consistent with the Report and Recommendation, Russell's Amended Complaint [3] is dismissed with prejudice. Russell's motion to notify [11] is denied. A separate judgment will be entered as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 1st day of June, 2026.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

3